HARRIS, J.,
delivered the opinion of the Court.
This action of replevin was commenced by Pearce m the Circuit Court, of Gibson county, for the recovery of certain slaves. On the 28th of November, 1850, the following agreement was entered into between Woodson and Pearce, *417 to wit: “I, James P. Woodson, this day do lend to my son-in-law, William R. Pearce, a negro girl named Caroline. The right and title is still vested in me during my natural life, and at my death the said William R. Pearce hinds ■ himself to deliver up to my executor or administrator' the aforesaid negro and her increase, or take the aforesaid negro and her increase at a fair valuation.”
At the same time the slave Caroline was delivered by Woodson to Pearce, who continued his possession of her until a short time before the bringing of this suit, when .the possession was re-taken by Woodson' without the consent and against the will of Pearce. On the trial in the Circuit Court, the Court charged the jury, in substance, that the “instrument” above set out “was an absolute gift of the negro for Woodson’s life, and vested Pearce with the title to her and her increase, and authorized him to recover in this suit, if before the ’ suit commenced the . slaves were taken out of his possession by defendant against his consent.” The jury found for the plaintiff, and a new trial having been refused, the defendant has appealed in error to this Court.
It is now insisted that this charge is erroneous; that this contract is, by express terms, purely a loan, and as such is revocable at pleasure. We think that by a fair construction of the contract, it is clear, that it was the intention of Woodson to give the use of the slave to his son-in-law, Pearce, retaining the title in himself, during his life, coupled with a right, on the part of Pearce, at his death, to make her and her increase absolutely his own, by accounting to his personal representative for them, “at a fair valuation,” or to *418 surrender them up at Ms election to such representative.
, That it was an executed gift of the use of the slave for the life of the donor, and vested such right in the donee as could not he revoked at pleasure.
It is true he uses the word “lend,” and the “right and title is still vested in me during my natural life.” But when we take the whole instrument together, it is manifest that he only intended to retain the legal title, for the use of his son-in-law during his life, surrendering the possession and the use of the property to the son-in-law, during that time, coupled with a right in the son-in-law, either to deliver the slaves, at the death of the donor, to his personal representative, or make them absolutely his own, by “taking” them at a fair valuation. Thereby vesting such right in the plaintiff below as would enable him to maintain this action. •
That portion of the charge of the Circuit Judge, in which he instructs the jury that the instrument made “an absolute gift of the negro for Woodson’s life, and vested Pearce with the title to her and her increase, is inaccurate. He should have told the jury that it conveyed the use of the slave and her increase to Pearce during the life of Woodson — Woodson retaining the legal title to the slave during that time.
But this verbal inaccuracy was wholly immaterial and could not have misled the jury, as Pearce’s right to recover would have been the same in either aspect of the question.
We think there is no error in the judgment and i't is affirmed.